UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19- |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| BRITTANY PRESCOTT, | : | 18 U.S.C. § 371 (Conspiracy); |
| | : | 18 U.S.C. § 1344(2) (Bank Fraud); |
| and | : | 18 U.S.C. § 656 (Theft by Bank Employee); |
| | : | 18 U.S.C. § 2 (Aiding and Abetting). |
| TIARA LANGSTON, | : | |
| | : | |
| Defendants. | : | Criminal Forfeiture: |
| | : | 18 U.S.C. § 981(a)(1) and (a)(2)(A), |
| | : | 28 U.S.C. § 2461(c), and |
| | : | 21 U.S.C. § 853(p). |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**
**(CONSPIRACY)**

**Introduction**

At all times material to this Indictment:

1.   Wells Fargo Bank, N.A., ("Wells Fargo") was a financial institution as defined by Title 18, United State Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation. Wells Fargo maintained a financial center at 4302 Connecticut Avenue, NW, Washington, D.C. ("Van Ness Wells Fargo").

2.   Funds deposited into Wells Fargo customers' bank accounts were owned by the customers, but in the custody and control of Wells Fargo.

3.   C.B. was a Wells Fargo customer with signatory authority over accounts xxx0292, xxx4878, and xxx0834; C.B. resided in California.

4. D.H. was a Wells Fargo customer with signatory authority over accounts xxx9649, xxx9055, xxx7429, and xxx0909. D.H. resided in California.

5. Defendant TIARA LANGSTON ("Defendant LANGSTON") was a branch teller at Van Ness Wells Fargo.

6. When conducting banking transactions for on-site customers, branch tellers were required to verify customer identities, including reviewing two forms of identification with one being a photo identification. Tellers also were to compare the signatures of the customers with the signature on the opening signature card on file with the bank.

7. When conducting account withdrawals, branch tellers were to review account history to determine whether there were sufficient funds available for withdrawal. It was Wells Fargo's policy, however, that tellers and branch managers were not to access customer account balances absent such withdrawal requests or permission from the customer.

8. Defendant BRITTANY PRESCOTT ("Defendant PRESCOTT") worked as the Service Manager at Van Ness Wells Fargo; Defendant PRESCOTT's duties included: coaching branch tellers; ordering cash; opening accounts; overseeing branch operations; and ensuring compliance with Wells Fargo policies. When the manager was absent, Defendant PRESCOTT managed the entire Van Ness Wells Fargo.

9. Defendant PRESCOTT had authority to approve transactions over the branch tellers' limit; when doing so, Defendant PRESCOTT would verify the date of birth on the customer's proffered identification to determine if the year of birth was logical with the customer's apparent age. If there were a discrepancy, Defendant PRESCOTT was not to approve the transaction.

10. Defendant PRESCOTT had the responsibility for ordering cash (currency) for Van Ness Wells Fargo. The amount of cash ordered typically depended upon recent customer traffic, anticipated paydays or Social Security Administration payment dates, and other expected transactions.

11. Wells Fargo had the ability to track the bank employee who conducted transactions on the teller line.

12. Wells Fargo had the ability to track the bank employee who viewed customers' accounts, including viewing customers' account balances.

13. Wells Fargo had the ability to track the bank employee who ordered cash for the bank's financial centers.

## The Conspiracy

14. From in or about April 2017, and continuing thereafter through at least in or about May 2017, in the District of Columbia and elsewhere, Defendants

**BRITTANY PRESCOTT and
TIARA LANGSTON**

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with each other and other persons both known and unknown to the grand jury to commit offenses against the United States, that is: Bank Fraud, by engaging in a scheme to obtain money, funds, assets, under the custody and control of Wells Fargo by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344(2).

## Goal of the Conspiracy

15. It was a goal of the conspiracy that Defendants PRESCOTT and LANGSTON, along with others (collectively, "the co-conspirators"), would steal approximately $204,000 from

Wells Fargo customers' accounts belonging to C.B. and D.H. using the account numbers belonging to C.B. and D.H. without their permission, and the forged signatures of C.B. and D.H.

## Manner and Means

It was a part of the conspiracy that:

16. Defendants PRESCOTT and LANGSTON viewed balances in the bank accounts belonging to C.B. and D.H., namely xxx0292, xxx4878, xxx9649, xxx9055, xxx7429, and xxx0909 without the permission and knowledge of C.B. and D.H. and passed the information to their co-conspirators.

17. The co-conspirators transferred money from accounts xxx9055, xxx7429, and xxx0909 to account xxx9649 without the permission and knowledge of D.H.

18. Defendants PRESCOTT and LANGSTON assisted in the withdrawals of $124,000 in cash and an $80,000 cashier's check from bank accounts from Van Ness Wells Fargo without the permission and knowledge of C.B. and D.H., for a total theft amount of $204,000.

19. Just prior to these unauthorized cash withdrawals, Defendant PRESCOTT ordered more than the typical amounts of cash to be on hand at Van Ness Wells Fargo.

## Overt Acts

In furtherance of the conspiracy and to effect the object thereof, Defendants PRESCOTT and LANGSTON, as well as other members of the conspiracy, committed the following overt acts, among others, in the District of Columbia and elsewhere:

20. On or about April 28, 2017, in the District of Columbia, Defendant PRESCOTT, ordered $65,950 in cash, more than twice the typical amount, to be delivered on May 3, 2017, to Van Ness Wells Fargo.

21. On or about May 4, 2017, in the District of Columbia, Defendant PRESCOTT viewed the account balances of xxx0292 and xxx4878, without the permission and knowledge of C.B.

22. On or about May 5, 2017, in the District of Columbia, Defendant LANGSTON viewed the account balance of xxx0292 at approximately 11:44 a.m. and again at 12:49 p.m. without the permission and knowledge of C.B.

23. A few minutes after the 12:49 viewing, a co-conspirator came to the teller line staffed by Defendant LANGSTON who then assisted him in withdrawing $50,000 from xxx0292 in cash without the permission and knowledge of C.B. and using a forged signature of C.B.

24. On or about May 5, 2017, in the District of Columbia, Defendant PRESCOTT, ordered $55,375 in cash, or approximately twice the typical amount ordered, to be delivered on May 10, 2017, to Van Ness Wells Fargo.

25. On or about May 9, 2017, in the District of Columbia, while working as a teller at Van Ness Wells Fargo, Defendant LANGSTON viewed the account balance of xxx0292 and xxx4878 at approximately 12:12 p.m. without the permission and knowledge of C.B.

26. One minute later, a co-conspirator came to the teller line staffed by Defendant LANGSTON who then assisted him in withdrawing $50,000 from xxx4878 in cash and $80,000 in a cashier's check without the permission and knowledge of C.B., using a forged signature of C.B.

27. On or about May 15, 2017, in the District of Columbia, Defendant PRESCOTT viewed accounts linked to xxx9649; thereafter approximately $24,100 was transferred from D.H.'s other accounts to xxx9649, without the permission and knowledge of D.H and Defendant PRESCOTT again viewed accounts linked to xxx9649 at approximately 5:02 p.m.

28. On or about May 15, 2017, at approximately 5:03 p.m. to 5:06 p.m., in the District of Columbia, Defendant PRESCOTT assisted a co-conspirator to withdraw $24,000 from xxx9649 in cash without the permission and knowledge of D.H.

**(Conspiracy to Commit Bank Fraud, in violation of
Title 18, United States Code, §§ 371 and 1344(2)).**

## COUNT TWO
## (BANK FRAUD)

29. From in or about April 2017 until in or about May 2017, within the District of Columbia and elsewhere, Defendants BRITTANY PRESCOTT and TIARA LANGSTON devised and intended to devise and participated in a scheme to obtain money, funds, assets, under the custody and control of Wells Fargo, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

30. Paragraphs 1 through 13 and 16 through 28 of Count One of this indictment are hereby realleged and contain the description of the above-mentioned scheme.

31. From in or about April 2017 until May 2017, in the District of Columbia and elsewhere, Defendants

**BRITTANY PRESCOTT and
TIARA LANGSTON**

executed and attempted to execute the scheme and artifice as set forth above, as more fully described in Paragraphs 1 through 13 and 16 through 28 of Count One of the indictment.

**(Bank Fraud, Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, §§ 1344(2) and 2).**

## COUNTS THREE THROUGH FIVE
## (THEFT BY BANK EMPLOYEE)

32. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 13 and 16 through 28 of this Indictment as if fully set forth herein.

33. On or about the dates listed below, in the District of Columbia and elsewhere, the defendant listed below, being an employee of Wells Fargo, a financial institution, with intent to injure and defraud Wells Fargo, willfully misapplied, and embezzled, abstracted, and purloined an amount greater than $1,000, that is, the sums listed below of the moneys, funds, and credits of Wells Fargo and moneys, funds, and assets entrusted to the custody and care of Wells Fargo in that listed defendant assisted others to steal from Wells Fargo customers' accounts belonging to the account holder listed below:

| COUNT | DATE | AMOUNT | ACCOUNT HOLDER | DEFENDANT |
|---|---|---|---|---|
| THREE | 5/5/2017 | $50,000 | C.B. | TIARA LANGSTON |
| FOUR | 5/9/2017 | $130,000 | C.B. | TIARA LANGSTON |
| FIVE | 5/15/2017 | $24,000 | D.H. | BRITTANY PRESCOTT |

**(Theft by Bank Employee and Aiding and Abetting, in violation of Title 18, United States Code, §§ 656 and 2).**

## FORFEITURE ALLEGATION

34. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States: a) any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of this offense, pursuant to 18 U.S.C. § 982(a)(2)(A); b) any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and c) any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18

U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment against the defendants equal to the value of this property.

35. Upon conviction of the offense alleged in Count Two, the defendants shall forfeit to the United States any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of this offense, pursuant to 18 U.S.C. § 982(a)(2)(A). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

36. Upon conviction of the offense alleged in Count Three through Five, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

37. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982 (a)(1) and (a)(2)(A), Title 28 United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

A TRUE BILL

FOREPERSON

*[signature: Jessie K. Liu]*

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA